UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE TOUSSAINT BOLLING,

                Plaintiff,

v.

STATE OF WISCONSIN, JUDY SMITH, and OSHKOSH CORRECTIONAL INSTITUTION,

                Defendants.

Case No. 22-CV-1565-JPS

**ORDER**

      Plaintiff Jermaine Toussaint Bolling, a former prisoner, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On April 26, 2023, the Court granted Plaintiff's motion to proceed without prepayment of the filing fee, screened Plaintiff's complaint, and allowed him leave to file an amended complaint. ECF No. 6. On May 8, 2023, Plaintiff filed an amended complaint. This Order screens Plaintiff's amended complaint.

**1.    SCREENING THE AMENDED COMPLAINT**

    **1.1    Federal Screening Standard**

      Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d

895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, a complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 1.2    Analysis

Plaintiff has attempted to comply with the Court's order to amend his complaint, however, unfortunately, the who, what, where, and why allegations of his amended complaint are still unclear. Plaintiff appears to be stating that Warden Judy Smith illegally held him past his prison release date. ECF No. 9 at 3. Plaintiff received a concurrent sentence in a Waukesha County Circuit Court criminal case. *Id.* As best the Court can tell, Plaintiff believes he should have been discharged in September 2013. It is unclear

Page 2 of 6
Case 2:22-cv-01565-JPS   Filed 06/05/23   Page 2 of 6   Document 10

from Plaintiff's amended complaint whether he notified Warden Smith (or anyone else) of this alleged error in calculating his sentence or when Plaintiff was ultimately released (as he is currently out of custody).

An incarcerated person may sustain a claim for an Eighth Amendment violation if he is incarcerated for longer than he should have been without penological justification because of the deliberate indifference of prison officials. *See Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015); *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016). An official is also deliberately indifferent when she "does nothing" or when she "takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred." *Id.*

The Court will grant Plaintiff one additional chance to amend his complaint and to provide legible factual allegations. If Plaintiff wishes to proceed, he must file a second amended complaint curing the deficiencies as described herein. A second amended complaint must be filed on or before **June 26, 2023**. Failure to file a second amended complaint within this time period may result in dismissal of this action.

When writing his second amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant

with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his second amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda,* the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If a second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

2. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the amended complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint that complies with the instructions in this Order on or before **June 26, 2023**. If Plaintiff files a second amended complaint by the deadline, the Court will screen the second amended complaint under 28

U.S.C. § 1915A. If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim and will issue him a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.