# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERMAINE TOUSSAINT BOLLING,

                Plaintiff,

v.

STATE OF WISCONSIN, JUDY SMITH, and OSHKOSH CORRECTIONAL INSTITUTION,

                Defendants.

Case No. 22-CV-1565-JPS

**ORDER**

      Plaintiff Jermaine Toussaint Bolling filed a pro se complaint under 42 U.S.C. § 1983 alleging his constitutional rights were violated. ECF No. 1. On June 5, 2023, the Court screened Plaintiff's amended complaint, found that it failed to state a claim, and ordered Plaintiff to file a second amended complaint on or before June 26, 2023. ECF No. 10. On July 10, 2023, Plaintiff filed a second amended complaint. ECF No. 12. This Order screens Plaintiff's second amended complaint.

**1.    SCREENING THE SECOND AMENDED COMPLAINT**

    **1.1    Federal Screening Standard**

      Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d

895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, a complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 1.2   Analysis

Plaintiff has attempted to comply with the Court's order to amend his complaint, however, unfortunately, the second amended complaint is even less clear than the previous complaint despite the Court's guidance. Plaintiff appears to be stating that he was illegally held past his prison release date. ECF No. 12 at 2. Plaintiff states that in one of the referenced cases, his release date was December 3, 2005 but he was not released until 2008. *Id.* The DOC "maliciously ran the sentence consecutive. The Courts

imposed a concurrent sentence." *Id.* Plaintiff received a concurrent sentence in a Waukesha County Circuit Court criminal case. *Id.* at 4. As best the Court can tell, Plaintiff believes he should have been discharged in September 2013 and he was not discharged until September 19, 2019. *Id*. The second amended complaint does not include any information that he notified Judy Smith, the Warden, or anyone else of this alleged error in calculating his sentence.

An incarcerated person may sustain a claim for an Eighth Amendment violation if he is incarcerated for longer than he should have been without penological justification because of the deliberate indifference of prison officials. *See Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015); *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016). An official is also deliberately indifferent when she "does nothing" or when she "takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred." *Id.*

Given Plaintiff's allegations, the Court finds that he fails to state an Eighth Amendment claim against any defendants for holding him past his release date. The Court has given Plaintiff multiple chances to amend his complaint and therefore finds that allowing further amendment would be futile. As such, the Court will dismiss this action for Plaintiff's failure to state a claim.

**2. CONCLUSION**

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) because the second amended complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order, ECF No. 13, be and the same is hereby **DENIED as moot.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge